**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.

LATRABIA MINGO,

    Plaintiff,

v.

IRONCLAD PROJECTS LLC, a Florida
Limited Liability Company, and ALFRED
LOW, individually.

    Defendants.
_____/

## COMPLAINT

Plaintiff, LATRABIA MINGO ("MINGO" or "Plaintiff"), by and through her undersigned attorney, hereby files this Complaint against Defendants, IRONCLAD PROJECTS LLC and ALFRED LOW (hereinafter "IronClad," "LOW," and collectively "Defendants"), and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", or the "FLSA"), and the Private Whistleblower's Act (FWA), Florida Statutes §448.101 and §448.102.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331, and 28 U.S.C. §1367.

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendants are subject to personal jurisdiction herein.

1

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Miami-Dade County, Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendant's business located in Broward County. Plaintiff's responsibilities included coordinating permits and onsite construction. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

6. Defendant IronClad is a Florida Limited Liability Company, registered to do business within Florida. Defendant IronClad has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. At all times relevant hereto, Defendant IronClad was a covered employer under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, Defendant IronClad has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

9. Defendant IronClad, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

10. Defendant LOW owned and operated Defendant IronClad at all times material hereto, and upon information and belief, is a resident of Broward County, Florida. The Florida Department of State Division of Corporations lists LOW as Registered Agent and "MGR" of Defendant IronClad.

11. Defendant LOW acted and acts directly in the interests of Defendant IronClad in relation to its employees. LOW had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of Defendant IronClad. Thus LOW was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. Plaintiff should have been classified as an employee rather than an independent contractor throughout her employment because the manner in which she was to perform her work was dictated by LOW.

## GENERAL ALLEGATIONS

13. Plaintiff was a non-exempt employee of Defendants and was subject to the payroll practices and procedures set forth hereinafter.

14. Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks within three years of the filing of this Complaint.

15. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

16. Plaintiff started working for Defendants on or about November 8, 2018 and remained employed until on or about March 15, 2019. During the entirety of Plaintiff's employment with Defendants, Plaintiff worked an average of approximately fifty (50) to fifty-five (55) hours per week. Plaintiff was incorrectly paid a salary of $1,100.00 per week.

17. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

18. In the course of her employment with Defendants, Plaintiff worked the number of hours required of her, but was not properly paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

19. In or about January 2019, Plaintiff complained to LOW about having to work during the weekends, resulting in working for over forty (40) hours during a workweek. Plaintiff also complained to LOW that the field workers were working over forty (40) hours without being paid overtime.

20. LOW reacted to Plaintiff's complaints with rage and profanity, and he refused to pay overtime, to either Plaintiff or the field workers. LOW continued to require Plaintiff to work during the weekends, causing Plaintiff to continue to work over forty (40) hours without being paid overtime.

21. The records, if any, concerning the number of hours actually worked by Plaintiff, are in the possession, custody, and control of Defendants.

22. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

23. During Plaintiff's employment with IronClad, IronClad was using the license of a Certified Roofing Contractor ("Contractor") who was not the business qualifier.

24. LOW pulled building permits under the Contractor's name and submitted those documents to various Property Assessed Clean Energy ("PACE") programs to receive funding.

25. LOW also hired unlicensed workers to work on roofing.

26. Plaintiff objected to LOW that impersonating the Contractor and hiring unlicensed workers were in violation of Florida Statutes §489.127(1).

27. Plaintiff also advised LOW that continuing such practice would get both himself and IronClad into trouble.

28. Defendant LOW, on behalf of Defendant IronClad, ignored Plaintiff's objection and advice, stated that the roofing workers could watch YouTube to learn, that he would deny the practice, and that he would fire Plaintiff if Plaintiff had said anything.

29. On March 15, 2019, LOW terminated Plaintiff.

30. At all times during the course of her employment with Defendant, Plaintiff's work performance had been more than satisfactory. Plaintiff had no reprimands, verbal or written, in her employee file.

31. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

32. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this Action.

### COUNT I – VIOLATION OF FLSA/OVERTIME
### (AGAINST BOTH DEFENDANTS)

33. Plaintiff re-alleges and re-avers paragraphs 1 – 32 as fully set forth herein.

34. During the course of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the FLSA [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

35. During the entirety of Plaintiff's employment, Plaintiff worked an average of approximately fifty (50) to fifty-five (55) hours per week. Plaintiff was only paid straight time and never overtime.

36. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee.

37. Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

38. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

39. Defendants knew Plaintiff was not exempt from overtime but refused to compensate her for hours worked in excess of forty (40) hours for each work week.

40. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

41. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendants.

**WHEREFORE**, Plaintiff LATRABIA MINGO requests judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

    d)    Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

    e)    Such other relief as the Court deems just and proper.

### COUNT II – VIOLATION OF FLSA/RETALIATION
### (AGAINST BOTH DEFENDANTS)

42.    Plaintiff re-alleges and re-avers paragraphs 1 – 32 as fully set forth herein.

43.    Plaintiff complained to LOW that she and field workers were required to work for over forty (40) hours per week but were not paid overtime.

44.    LOW, on behalf of IronClad, refused to pay overtime, to either Plaintiff or the field workers. LOW continued to require Plaintiff to work during the weekends, causing Plaintiff to continue to work over forty (40) hours without being paid overtime.

45.    As a direct result of Plaintiff's Complaints to LOW for unpaid overtime related to the FLSA, Plaintiff was terminated.

46.    At all times during the course of her employment with Defendants, Plaintiff's work performance has been more than satisfactory. Plaintiff had no reprimands, verbal or written, in her employee file.

47.    Pursuant to 29 U.S.C. § 215(a)(3), Plaintiff is protected from being discharged or discriminated against for Complaining about violations of the FLSA.

48.    By reason of Defendants' effective wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages, benefits, and has suffered emotional distress.

49.    Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights under the FLSA, Plaintiff is entitled to liquidated damages.

50. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendants.

**WHEREFORE,** Plaintiff LATRABIA MINGO requests judgment for:

    a) Compensation to Plaintiff for lost wages, benefits, and other remuneration;

    b) Interest on the amount found due;

    c) Liquidated damages;

    d) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

    e) Such other relief as the Court deems just and proper.

### COUNT III – PRIVATE WHISTLEBLOWER PROTECTION ACT (AGAINST DEFENDANT IRONCLAD)

51. Plaintiff re-alleges and re-avers paragraphs 1 – 32 as fully set forth herein.

52. This is an action for damages under the Private Whistleblower Protection Act, pursuant to Florida Statutes §448.101 and §448.102, in taking retaliatory personnel action against Plaintiff for refusing to participate in and/or objecting to violations of Florida Statutes.

53. Plaintiff objected to LOW that impersonating the Contractor to pull permits and hiring unlicensed roofing workers violate Florida Statutes §489.127(1).

54. Defendant LOW, on behalf of Defendant IronClad, ignored Plaintiff's objections and threatened to fire Plaintiff if Plaintiff said anything about such violations.

55. As a direct result of Plaintiff's objections to violations of Florida Statutes, Plaintiff was terminated.

56. At all times during the course of her employment with Defendant IronClad, Plaintiff's work performance has been more than satisfactory. Plaintiff had no reprimands, verbal or written, in her employee file.

57. Under the Private Whistleblower Protection Act, Plaintiff is protected from adverse employment action against her for objecting to violations of Florida Statutes §489.127(1).

58. By reason of IronClad's effective wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages, benefits, and has suffered emotional distress.

59. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights under Florida's Private Whistleblower Protection Act.

WHEREFORE, Plaintiff LATRABIA MINGO requests judgment as follows:

a. Compensation to Plaintiff for lost wages, benefits, and other remuneration;

b. Liquidated damages;

c. Assessment against Defendant of reasonable costs and attorney's fees for this action pursuant to Fla. Stat. §448.104; and

d. Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff LATRABIA MINGO hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: September 4, 2019.

        LAW OFFICES OF CHARLES EISS, P.L.
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 308
        Plantation, Florida 33324
        (954) 914-7890 (Office)
        (855) 423-5298 (Facsimile)

        By:   /s/ Charles M. Eiss

CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
TIEXIN YANG, Esq.
Fla. Bar #1010651
tiexin@icelawfirm.com

10