UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62202-RUIZ/STRAUSS

LATRABIA MINGO,

    Plaintiff,

v.

IRONCLAD PROJECTS LLC
and ALFRED LOW,

    Defendants.
_____/

**ORDER DENYING MOTION TO SERVE DEFENDANTS BY ALTERNATE MEANS**

THIS MATTER came before the Court on the Motion to Serve Defendants by Alternate Means [DE 8] (the "Motion"). In the Motion, Plaintiff states she has been unable to effectuate service of process on Defendants notwithstanding numerous diligent attempts to do so. Consequently, Plaintiff seeks permission to serve: (1) Defendant Ironclad Projects LLC ("Ironclad") by substitute service on the Secretary of State pursuant to section 48.062 of the Florida Statutes; and (2) Defendant Alfred Low ("Low") by publication pursuant to Chapter 49 of the Florida Statutes and/or by email.[1] As discussed herein, however, Plaintiff has failed to comply with the applicable provisions of Chapters 48 and 49 of the Florida Statutes.

    **I.**    **Service on Ironclad**

Section 48.062 of the Florida Statutes sets forth the requirements for service on a limited liability company ("LLC") under Florida law. Generally, a plaintiff should start by attempting to serve the LLC's registered agent. *See* § 48.062(1). If service upon the registered agent cannot be

---

[1] As Plaintiff notes in the Motion, Defendants may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). *See also* Fed. R. Civ. P. 4(h)(1).

made, "process may be served on a member, manager, or designated employee as set forth in section 48.062(2)(a)-(c)." *Jupiter House, LLC v. Deutsche Bank Nat'l Tr. Co.*, 198 So. 3d 1122, 1123 (Fla. 4th DCA 2016). However, "[i]f, after reasonable diligence, service of process cannot be completed under subsection (1) or subsection (2) [of section 48.062], service of process may be effected by service upon the Secretary of State as agent of the [LLC] as provided for in s. 48.181." § 48.062(3). In order to effectuate substitute service under section 48.181, Plaintiff was required to, among other things, amend its Complaint to include certain requisite allegations. *See Green Emerald Homes, LLC v. Fed. Nat'l Mortg. Ass'n*, 224 So. 3d 799, 801-02 (Fla. 2d DCA 2017); *Jupiter House*, 198 So. 3d at 1123-24; *Safari Programs, Inc. v. Quercia, Inc.*, No. 1:15-CV-22132, 2016 WL 4174365, at *1 (S.D. Fla. Aug. 8, 2016); *Nova Cas. Co. v. Just Beach Inn, LLC*, No. 13-60911-CIV, 2013 WL 12086664, at *1–2 (S.D. Fla. June 27, 2013); *Taverna Opa Trademark Corp. v. Ismail*, No. 08-20776-CIV, 2009 WL 1220513, at *1 (S.D. Fla. Apr. 30, 2009). Nevertheless, Plaintiff did not do so.

## II.   Service on Low

Plaintiff has also failed to comply with the requirements to effect service of process on Low by publication under Chapter 49. "Where personal service of process . . . cannot be had, service of process by publication may be" possible. § 49.021, Fla. Stat. Chapter 49, however, requires the filing of a sworn statement containing certain information as a condition precedent to service by publication. *See* § 49.031, Fla. Stat.; § 49.041, Fla. Stat. Nevertheless, no such sworn statement has been filed.

As to Plaintiff's request to allow service of process by email, Plaintiff asserts that "[s]ervice by Email has been permitted as a proper means of alternate service of process" and cites to another case in this district (Case No. 18-cv-22483). The Court has reviewed the docket in that case. It

appears that Plaintiff is referring to DE 17 in that case, which still required service by publication in addition to email. Thus, Plaintiff's assertion in paragraph 17 of the Motion is misleading.

### III.   Conclusion

For the reasons discussed above,[2] the Motion [DE 8] is **DENIED**.[3]

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 3rd day of March 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies served via CM/ECF to:

Counsel of Record

---

[2] In addition to the issues discussed above, the Court notes that Plaintiff's process server appears to have attempted service at an incorrect address. The Motion indicates that service was attempted at an apartment on NE **191st** Street in Aventura, Florida (indicating the address is listed on Low's recently-renewed driver's license). *See* DE 8 at ¶¶ 10-11. Likewise, DE 8-2 indicates that service was attempted at the **191st** Street address. However, DE 8-1 indicates that the address on Low's recently-renewed driver's license is for an apartment on NE **192nd** Street (not **191st** Street).

[3] Plaintiff need only follow the requirements of Chapters 48 and 49. Filing a motion is not required.